**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN MARIVELES MANZO, | No.    15-71807 |
| Petitioner, | Agency No. A044-810-331 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Marvin Mariveles Manzo, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and we review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not err, violate due process, or abuse its discretion in denying Manzo's motion to reopen, where the record does not support Manzo's contentions that the BIA relied on speculation, failed to address claims presented in his motion, failed to consider relevant evidence or positive equities, and failed to provide a reasoned explanation. *See* 8 C.F.R. § 1003.2(a); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**